UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PENA, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-01222-SSS-ADSx<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT [DKT. 22]** |

Before the Court is Plaintiff Jose Pena's Motion to Remand Case to State Court. [Dkt. 22]. The Court has reviewed the Parties' submissions and, for the reasons below, **DENIES** Plaintiff's motion.

I. BACKGROUND

Plaintiff filed this action on behalf of a putative class against Experian Information Solutions, Inc. ("Experian") in Orange County Superior Court alleging Experian willfully violated the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.*, by failing to inform consumers that the consumer reports Experian sells to its customers associate said consumers with the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") watchlist of terrorists, narcotics traffickers, money launderers, arms dealers, and other criminals subject to U.S. government sanctions. Experian removed the action to this Court on June 27, 2022. [Dkt. 1]. Plaintiff now seeks to remand the action to state court, arguing that he and the putative class lack Article III standing to be heard in federal court.

II. LEGAL STANDARD

"Standing is a constitutional requirement for the exercise of subject matter jurisdiction over disputes in federal court." *Tailford v. Experian Information Solutions, Inc.*, 26 F.4th 1092 (9th Cir. 2022) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). A key component of standing is satisfaction of the injury-in-fact requirement: that Plaintiff has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.*

"As the party invoking the federal judicial power, Experian has the burden of establishing the facts necessary to support standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "At the

pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.*

### III. DISCUSSION

The Ninth Circuit has adopted a two-step framework to determine whether alleged FCRA violations are sufficiently concrete to confer standing: "(1) whether the statutory provisions at issue were established to protect [a plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.* (citing *Robins v. Spokeo, Inc.* 867 F.3d 1108, 1113 (9th Cir. 2017)).

The first prong is satisfied because Plaintiff alleges Experian violated Section 1681g of the FCRA, which was "established to protect concrete interests of privacy and accuracy in the reporting of consumer credit information, and not merely procedural rights." *Tailford*, 26 F.4th at 1099. One principal reason for the enactment of the FCRA was the protection of consumers' interests in "fair and accurate credit reporting" and to "protect consumer privacy," which "resemble[] other reputation and privacy interests that have long been protected in the law." *Id.* (citation omitted).

The second prong is also satisfied because Plaintiff alleges non-disclosure of information which presents a material risk of harm to his concrete interest in fair and accurate credit reporting. *See Tailford*, 26 F.4th at 1100. Indeed, Plaintiff alleges that Defendant published consumer reports to third parties containing false OFAC hit information about Plaintiff and that he "suffered harm in that Defendant falsely associated him with a criminal on the OFAC list and deprived Plaintiff of the information necessary to discover and rectify Defendant's harmful error." [Dkt. 1-1 ¶ 51–56]. According to the complaint,

Plaintiff thus had no knowledge or opportunity to rectify the provision of false OFAC information to third parties, which violated Plaintiff's reputation and privacy interests. *See Tailford*, 26 F.4th at 1100.

Plaintiff argues Experian has failed to establish standing because it has not alleged concrete injury required for standing under the FCRA. Plaintiff relies on the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), claiming it "held that the exact claim Plaintiff brings here cannot be heard in federal court." [Dkt. 22-1 at 13]. Plaintiff is incorrect.[1]

*TransUnion* did not involve the exact claim Plaintiff brings here. In *TransUnion*, the plaintiffs alleged TransUnion violated Section 1681g(a)(1) because it sent the plaintiffs copies of their credit files that omitted the plaintiffs' potential match on the OFAC list, and only included the OFAC information in a second separate mailing. *TransUnion*, 141 S. Ct. at 2213. Plaintiffs argued they had standing because "the TransUnion mailings were formatted incorrectly and deprived them of their right to receive information in the format required by the statute." *Id*. The Supreme Court, however, found the plaintiffs did not have standing because they did not demonstrate that the

---

[1] Plaintiff cites multiple recent cases alleging FCRA disclosure violations that were remanded to state court. [Dkt. 22-1 at 15–16]. However, all of those cases are inapposite here because none involve allegedly inaccurate information that was excluded from a plaintiff's disclosure that the plaintiff would have tried to correct had the information been included in the disclosure. Moreover, none of the cases Plaintiff cites alleged the omission of inaccurate information on a consumer disclosure or any "downstream consequences' from failing to receive required information. *See, e.g.*, *Muha v. Experian Info. Sols., Inc.*, No. CV2200077, 2022 WL 1223635, at *1 (C.D. Cal. Apr. 25, 2022); *Grabner v. Experian Info. Sols., Inc.*, No. CV2200078, 2022 WL 1223636, at *1 (C.D. Cal. Apr. 22, 2022); *Mayorga v. Carter's Inc.*, No. CV 22-1467, 2022 WL 1190350, at *1 (C.D. Cal. Apr. 21, 2022); *Williams v. Nichols Demos, Inc.*, No. 5:17-CV-07101, 2018 WL 3046507, at *2 (N.D. Cal. June 20, 2018); *Kirkland v. Estes Forwarding Worldwide LLC*, No. 18-cv-07324 at ECF 15 (N.D. Cal. Jan. 13, 2019 order remanding); *Rivera v. Wells Fargo Bank, N.A.*, No. 17-cv-06885 at ECF 40 (N.D. Cal. Feb. 11, 2019 order remanding).

improper format caused harm with a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts. *Id.* As an example, the Court noted the plaintiffs did not provide evidence "that the plaintiffs would have tried to correct their credit files—and thereby prevented dissemination of a misleading report—had they been sent the information in the proper format." *Id.* The Court thus held that the plaintiffs' assertions regarding improper format were "bare procedural violation[s], divorced from any concrete harm" and did not suffice to establish standing. *Id.*

Here, in contrast, Plaintiff alleges concrete harm sufficient to establish standing. While it is true that Plaintiff here alleges a violation of the same FCRA provision at issue in *TransUnion*, namely Section 1681g(a), Plaintiff alleges here what the *TransUnion* plaintiffs did not. Unlike the *TransUnion* plaintiffs, who did not assert that they would have tried to correct their credit files and thereby prevent dissemination of a misleading report, *TransUnion*, 141 S. Ct. at 2213, Plaintiff alleges his inaccurate credit report was sent to third parties [Dkt. 1-1 ¶¶ 46–47, 53–55] and that he would have tried to correct his consumer file if his disclosure had been accurately provided to him. [Dkt. 1-1 ¶¶ 52, 56]. Moreover, Plaintiff further alleges that the entire putative class was "deprive[d] . . . of the information necessary to rectify any errors concerning their consumer reports," implying that the putative class would have rectified the errors in the consumer reports were they not deprived of the necessary information. [Dkt. 1-1 ¶ 79].

Additionally, "[u]nlike the [P]laintiff[] here, who allege[s] that certain information was *missing* from Experian's § 1681g disclosures, the plaintiffs in *TransUnion* lacked standing because their only allegation of non-disclosure was improper formatting of the information." *Tailford*, 26 F.4th at 1100 (emphasis in original) (citing *TransUnion*, 141 S. Ct. at 2214 ("The plaintiffs did not allege that they failed to receive any required information. They argued only that they

received it *in the wrong format*.")). Further, the *TransUnion* plaintiffs failed to identify "downstream consequences" from failing to receive the required information, such as an inability to correct erroneous information. *TransUnion*, 141 S. Ct. at 2214. In contrast, Plaintiff has alleged exactly that type of downstream consequence—that Experian's omission of the OFAC information "deprived Plaintiff of the opportunity to rectify Defendant's error by disputing that information so that Defendant could properly investigate then correct the error." [Dkt. 1-1 ¶ 52].

## IV. CONCLUSION

Experian has therefore satisfied its burden and established that, at this stage of the case, Plaintiff's allegations are sufficiently concrete to establish Article III standing. The Court thus **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: October 24, 2022

SUNSHINE S. SYKES
United States District Judge